Good morning, Your Honor. Pleased to court, Dan Bernheim on behalf of the Appellant Navigators Specialty Insurance Company. This is the second opportunity I've had to appear before this court on this specific matter. The last time was to review the length of time for the statute of limitations as it pertains to a drawler's claim for forged endorsements. We're dealing with ten checks, which are approximately... I was going to ask you a question about that. I guess we've got a million dollars at issue here, so showing up twice is probably supported by the case. Well, indeed, and I have flown across the country in order to be here with you fine gentlemen this morning for this purpose, because it is the dollar value, but it's also some unique issues that are raised here as it pertains to negotiable instruments. And there are three matters that are... three aspects of this I ask you to review today. One is the procedural aspect of how it is that the court was able to go ahead and render a decision on what's known as the affirmative defense, the responsible employee, section 305 of the code, when the court had precluded the defendant from raising that affirmative defense in what they thought was a lack of good cause. How were you prejudiced? I mean, it strikes me, and both of your briefs are quite good on this, as a pure issue of law. There's no dispute about the facts here, at least as to CB&T. Nobody thinks that they didn't exercise due care. So what difference did it make that you didn't find out until later? You got to brief it. Well, it's not merely a matter of briefing, Your Honor. The most fundamental aspect of that prejudice is that it is not until that affirmative defense of 3405 is raised that then navigators standing in the shoes of Deakin, navigators would have the right to then go after the depository bank, Chase Bank. What's your authority for that proposition? Because that stumps me. Why wouldn't you be able to bring that claim regardless? So let me dial back from the change of the code, I believe, in 1993 and how that got there, and I think I can directly answer that question. Prior to the advent of 3405, the only manner in which then a, or let me try it this way, the claim that a drawer has for forged endorsement is against the draw e-bank under 4401. The draw e-bank. Strict liability. In this case, that's CB&T? Correct. Okay. And CB&T then brings in— So what was your claim against Chase? Okay. Initially, Your Honor, we actually did file the claim against Chase on the presentment, and Chase's counsel, who's now CB&T's counsel, noted the cases that we relied on were prior to the code's change, that the drawer has no direct claim against, under California law, against the depository bank. The way the code works, the risk of sharing— I understand that. So keep walking me through how you got prejudice. So prior to 3405, the only section out there that would have been applicable would have been something under 3406 if somebody were to say somebody else substantially contributed to the negligence. I don't understand. But it's still precluded— I don't understand, because I don't want to use up all your time on it. How did their raising of the 3405 defense change your claim against Chase Bank, if you had one? Because we did not have one. Because what we then filed, the amended complaint, and that was just against CB&T under 4401, who then joined— We understand the procedure's history. I don't think—you're still not answering my question. How does their raising the defense change your legal rights against Chase? Because it's not until that defense, affirmative defense, is raised that we then have the right to go against Chase. Okay. And, Sam, can you just tell us how? Yeah. Okay. Let him answer the question. I'm trying. Yeah. Okay. Under 3405, it's got two criteria for it. Recognizing that 3405 was instituted to be on an employer for the employee that it hires and that it supervises and that it controls, saying that's why we're going to allocate the risk there. And if, indeed, the defense is raised under 3405, here, that the drawer, in some fashion, failed to properly hire, supervise, and whatever their employee, then, and only then, do you have the right under 3405 to say, all right, it's comparative negligence. When 3405 was introduced to the Code, it was the first time the Code introduced comparative negligence. It was a winner-take-all statute. So it's not until it's raised that you can go ahead and make the claim, be it against a depository bank or anyone else. On that point, is there a case that you are directing us to that says that? Because I don't see that in the language of the Code itself. I'm sorry, Your Honor. I just don't see that in the language of the statute. So is there a case— Right. Well, if you — right. The statute itself has got to — it's a two-part prong. In order to go ahead and do that, the 3405 — there's no doubt 3405 is an affirmative defense, right? So until it's raised, 3405 is not a — you cannot singularly go — a drawer cannot go against a depository bank under 3405. It's only in response to that, because — think about this, and I'm going to direct you to the Lee Newman opinion. What you would be saying if you did that is — right? You would be saying here, our employee may have made an error, but we're going to hold you comparatively negligent under 3405, because it's a two-step process. It only arises when that's at issue. I get that. But why wouldn't you be able to plead those in the alternative in a complaint? I don't understand that. Well, what you would have to plead is that we failed to supervise one of our employees. And that's not the facts of this case. You start out saying we don't think that's true, but to the extent that — that somebody wants to say that we're at fault, then we have this claim against this other person. Because then what you would be doing in each and every case, then what you would be doing is you'd be changing the schematics of the code where the drawer looks to the drawee bank, who then looks down the chain to the depository bank, and saying to the drawer, then just plead in the alternative, even if you have no basis to do so, and I don't think you can do that under Rule 8, and then go ahead and, you know, assert, you know, potential claim against the depository bank. You will be changing the scheme, and what occurs here is you're now flipping that strict liability against the drawee bank, and you're putting it on the drawer. We could not have alleged that there was something that was done improperly in order to create these forged endorsements. That is not what we believe occurred at all. And, in fact, in the course of this, when it — But if you don't believe that occurred, then how can you make a claim against Chase? Well, that — thank you. That's my exact point. We could not — Well, but even now. Well, the only way we could do that now is because if Chase is — it is Chase who is claiming that we had an improper employee, and I would like to address that, if I can have the time for it. Before I leave this, one quick question. If there were — would liability be joint in several in this case? It's comparative negligence. I understand. Right. But many states with comparative negligence have joint in several liability also. Would it be joint in several? It would all — in this situation, you would have — between Deakin, or Navigator stands to Deakin, and Chase, you would be determining which of the two. No, I understand you would be determining comparative negligence. Right. I guess you may not know the answer to the question because I don't know the answer. It wouldn't matter if liability were joint in several, would it? Because the — if you were to win against — you'd have to win against one to win against both in this case. Correct. Yeah. You would then have — I think what would occur, Your Honor, is if there were, obviously, making up numbers, it was a determined — it was a 50-50 split. I don't think you'd be able to cover more than 50 percent. Let me ask you a question differently. If CB&T is not liable in this case, is Chase liable? If CB&T is not liable, is Chase liable? I'm not sure how that would happen, but the answer to that would be no. Okay. Because it's an improper — If in this case we determine that CB&T is not liable, then the absence of your claim against Chase hasn't prejudiced it. Yeah, but the only way you can do that, Your Honor, CB&T is strictly liable under — I understand. That's your argument. Right. Right. Well, I'd like you to address it, but I'm asking a different question. Yeah. If you lose on that argument, do you have any claim against Chase? Well, at the risk of it sounding flippant because I don't mean to, the only way I lose that argument is if you rip 4401 out of the paper. Okay. Assume we're done — yeah, I'll let you make that argument. Assume we're really stupid and we rule against — we rule against you on the CB&T claim. We have — So just let me finish. Do you have any claim against Chase under those circumstances? No, we were not permitted to bring a claim against Chase. Would you have any claim against Chase under those circumstances? If indeed — if the 3405 defense is permitted, we then would have a claim against Chase for their contribution to this as well, correct? Yes. And now let me try one more time. I apologize, though. I'm not trying. We're missing each other. Let's assume CB&T wins. You don't have to tell me you disagree with that result. Right. CB&T wins here because we read the code and say they didn't do anything wrong. Under those circumstances, do you have any claim against Chase? I would not have a claim against Chase. So what we ought to do is get to this portion of the argument because if you're — if your opponent's right on it, we don't have to worry about Chase, do we? Yeah, but the only — the only way that he prevails is what the district court stated. It says, look, as the draw e-bank, they, quote, according to the district court, did nothing wrong. Why? Because they relied upon the depository bank, Chase, for whom they have a presentment of warranty. That's how that risk allocation goes because Chase is in the best position in order to examine the endorsements. Well, here's how I read the code, so tell me how I'm wrong. The code seems to say that the draw e-bank, in this case CB&T, is entitled to rely on the endorsements if they're presented by an employee, which for purposes of this case the district court said the subcontractor was, and it's an employee whose job it was to allocate the payments among various people. Tell me why that was wrong. In this case, Your Honor, what CB&T is allowed to rely on is the presentment of warranty from Chase. Your example is cutting Chase out and making CB&T both the depository bank and the draw e-bank, right? Do I understand it? They're the draw e-bank. But in your example, where you're saying somebody directly brought the checks to CB&T, they're both the depository and draw e-bank, and at that point CB&T remains liable under 4401. The only way they could raise that responsible employee defense, because it's an affirmative defense, is that they went ahead and raised it, and then that would invoke comparative negligence. That's where you have just one bank. Here we have two banks, and here once that defense is being raised and Chase is a depository bank, we then have the opportunity to bring them in for that comparative negligence. The court cut that out and, in fact, stated that there was no good cause to do that, ignoring that the fact that there was not ignoring that there was prejudice. In fact, what the court stated in her opinion was that the touchstone of the inquiry was the presence of prejudice of the opposing party, quoting the defendant CB&T. And CB&T argued there'd be no prejudice because they were also asking for discovery, discovery on their new affirmative defenses and the statute of limitations. And the court said, no, there's no good cause, so we proceeded in recognizing we went to take the deposition of Chase, and they pulled the plug on that, asserting we've now accepted our presentment warranties, we're going to take the defense of CB&T, and there's now no reason to do so. That's why we stated a couple times this is gamesmanship which has occurred, and it is the height of prejudice to say, no, I'm not permitting the defense to be alleged and therefore giving you your discovery, but I'm going to permit it on summary judgment. I know you're running out of time, so let me just, tell me where in 3405 it talks about reliance on the draw-e bank. I'm sorry, can you say that again, please? You keep saying that you relied on the warranty of the draw-e bank, which is in this case Chase. Right. Does 3405 speak about that at all? No, the warranties come out of 3407 or 4408. There are different sections upon which the draw-e bank is to go ahead and rely upon. But under 3405 on its face, if you're the paying bank and all of its requirements are met, you can pay, can you not? If you are the draw-e, if you're the draw-e bank, you pay not based upon 3405, that's a defense that's alleged, you pay predicated upon the presentment warranties which are the different sections. But does that defense rely on any warranty? In other words, it seems to me there seems to be a complete defense if you meet the 3405 requirements, whether or not there's a warranty. Am I mistaken? Yes, you are. 3405 does not provide a warranty from a depository bank to a draw-e bank. That's not what that statute does. You had mentioned the Lee-Newman case. Right. You said that it supports your view that you... Yeah. Lee-Newman's a little bit awkward in its determination. And there, Lee-Newman talked about where you would have, there was first a claim for negligence and talked about the codes, the plans, common law negligence. But Lee-Newman then discussed about the 3405 being an affirmative claim. But what it stated there is that in the complaint, the plaintiff sort of drew the offensive foul, that the plaintiff alleged that its employee, it had a rogue employee. And so the court said you're now invoking the first prong of 3405, that you have that responsible employee. Therefore, you can then go to the comparative negligence aspect of the bank that then paid. That's really awkward. And in this situation, Navigators or Deakin was not about to say that we had a rogue employee for whom we may be responsible for thus doing that. That would have been the job of CB&T to raise that defense, whereupon we could then bring in the depository bank. We can't do it otherwise. There's no basis under the code that permits it. Okay. We'll give you a couple minutes for rebuttal. You are over your time now. Thank you. Let's hear from counsel for CB&T. Good morning, Your Honors. I'm Todd Beebe for California Bank and Trust. May it please the court. Let me answer one of the questions that the court asked my friend, Mr. Bernheim. The court asked whether there was authority for the proposition that Navigators' hands were tied and it could assert a claim against Chase until CB&T said some magic words. In their briefs, they rely on one case for that proposition, and that's a New York State Court case, underpinning and foundation constructors of the Chase Manhattan Bank. Here's the thing about that case. According to the opinion, the plaintiff there did not sue the depository or the Drawee Bank at all. According to the opinion, the plaintiff only sued the depository bank. So since the Drawee Bank was never sued, it never filed an answer. Since it never filed an answer, it never asserted 3405 as a defense. Instead, what the court said was what I've been here arguing in multiple cases in the past. The facts as alleged in the case, in the complaint, bring the case within the ambit of 3405. Didn't matter what the Drawee Bank said. There were no magic words required. I've been here at least three times that I can recall where the plaintiff brought complaints in the first instance, pleading causes of action under 3405. They didn't wait for anybody to say any magic words. Well, this case is a little different procedurally because you asked to amend, to assert a 3405 defense. For whatever reason, the district judge said you couldn't, but she allowed you to do so in summary judgment. And so their argument, I take it, and this is why I was trying to get from your friend, is, gee, if we'd known that 3405 was going to come back in through the back door, we would have done something different and therefore we were prejudiced. And so could you address that? Yes. That's what I was jumping up and down to address because when it was raised. You can do it with your feet on the ground. Thank you. Even without giving a cue. When it was raised in 2018, four years ago now, when 3405 was raised in 2018, my friend didn't come running into court saying, your honor, they said the magic words. I now would like to sue Chase. My friend did not file a new complaint that said California Bank and Trust has now said the magic words. They've unlocked the door. I would like to sue Chase. My friend didn't do anything. If he had said that, would he have had a claim against Chase? I think Newman teaches that it does. And in fact, the New York case that they cite talks about the effect of 3405 is that insofar as CB&T is concerned, there is no forged endorsement. By legislative fiat, the endorsement is deemed to be valid and effective. So there's no warranty claim left. And that gets to what I was trying to get to at the end. And I apologize if I was confusing. If 3405 gives you a complete defense, then is there any claim against Chase? Well, the fallback in 3405 is that there's no forged endorsement. But 3405 gives with one hand and takes with the other. There's no forged endorsement, but it allows comparative fault. So 3405 opens the door to argue comparative fault, just as Navigators could have argued in their second cause of action. But here's why I'm confused. And I must admit, this is my first journey through this part of the UCC since law school. So that's why I'm asking both of you to try to help me. It's changed since then. It's changed since then. I'm chasing it through. If your client, CB&T, is not liable, is there a comparative negligence claim at all? They may have a separate claim against Chase. But we don't deal with comparative negligence unless your client's liable, do we? Well, 3405 would permit a comparative fault claim against either Chase or CB&T. But we wouldn't be talking about comparative fault of CB&T unless CB&T did something wrong. Right. And if CB&T did nothing wrong for a moment, let's just assume they did nothing wrong, they might have a claim against Chase. Yes. Is it the same claim against Chase they would have had before you asserted the 3405 defense? Yeah, the Newman case is about 30 years old. That was good law when Navigators filed their complaint, and it hasn't changed. The Newman case is what opens that door. Even under comparative negligence or comparative fault, can't a party be 100% at fault? At 100% at fault, yes. And that's one of the points we made in our motion for summary judgment, that having shown that 3405 applies to obtain summary judgment, we had to show that CB&T did not bear even a 1% share of comparative fault, because otherwise it goes to the jury to weigh what the comparative fault might be. And in this case, we had abundant evidence that CB&T did not accept the checks for deposit, it did not deal with the depositor, it took the checks from another bank, so CB&T has no ability or obligation to verify the endorsements. That's the only potential argument for comparative fault, and it's just not here. What's your position on... I gather you agree with your opponent that 3405 is a true affirmative defense, is that true? 3405 disproves an element of the plaintiff's case. The plaintiff alleged that the endorsements are invalid. The answer denied that the endorsements are invalid. So you're saying we don't even need to get into this discussion of whether you waived it by not raising it in the answer? No, we don't. I see answers with 30 affirmative defenses, and half of them are not affirmative defenses. That's endemic in the industry. Do you think it was encompassed in your denial of liability? Yes. There isn't any case law identifying it as an affirmative defense. No, there's not. And Rule 8 gives us a not definitive list of affirmative defenses, but this clearly is not there. The district court concluded, said, we're not going to decide, but we're going to assume that it was an affirmative defense. Correct, because the Ninth Circuit rule is so clear that in the absence of prejudice, you consider it anyway. I thought we had case law, though, that said that the defendant bears the burden of proving the elements of 3405, and if that's true, then it seems to me it is an affirmative defense. It could be argued. But the plaintiff bears the burden of proving that the endorsement is invalid. Well, but nobody doubts in this case that they proved the endorsements were invalid. Well, I can prove the endorsements are valid any number of ways. Well. I can prove it factually by based on who supplied the endorsement. No, I'm saying there's no... There's no contest that the endorsement was invalid. Your client may have been entitled to pay on it anyway, but there isn't any contest that somebody forged somebody else's... Let me parse two different words. There's no contest that the endorsement was supplied by someone who was not the named payee. Or authorized to. Or authorized by the named payee. But under the statute, that endorsement was valid because it was supplied by the fox who was hired to guard the hen house. Take me back to the original claim made by your opponents against Chase. What did it say? My opponents made two claims against Chase.  The first was that Chase is the depository bank. Upon transferring the check to California Bank and Trust, warranted that the signatures were authentic. And the case law in California is clear that the maker of the check does not have standing to assert that breach of warranty claim. The navigators also sued Chase for negligence. Common law negligence. And... Claim. That, as I recall, it said Chase was negligent in accepting the checks for deposit. They should have known they were forged. Yeah. Yeah, they should have questioned the endorsements. Exactly the claim they would argue under section 3405. So I want to go back to what your friend said. He said, well, we dropped that claim because you talked us... You. As counsel for Chase at that point... You talked... You, representing Chase, talked us out of it. Maybe you were just silver-tongued. But tell me why you talked him out of it. I talked him out of it because the claims he made were not legally supportable, in that the maker of the check does not have standing to support a claim for breach of warranty. There's clear case law on that. And we have clear case law that common law negligence causes of action are preempted by the commercial code. It was not my responsibility to explain any other theories that a plaintiff might assert. My only job was to address the theories the plaintiff did assert, and both of those were without merit. Okay, and your view is that if Navigators here was really serious about pursuing this claim against Chase, it should have taken the research or advice you gave them and said, oh, boy, you're right, our common law claim is preempted. But we have this separate claim under 3405, and they should have just amended the complaint to assert that. If they read the California cases and they had, you know, I think their theory is that we didn't read Newman in 2017. We only read Newman in 2018. And perhaps my friend wishes he read Newman a year earlier, but it was not my job to tell him about it. How much time, I've looked at the record, I'm just trying to put this together. You file a motion for summary judgment that raises the 3405 issue. Just give me a timeline of what occurs after that. The complaint was originally in, I think, June of 2017. No, I know that. I'm trying to figure out how much time they had to raise an issue about amending their complaint to raise a claim against Chase if they wanted. We filed the first summary judgment motion in June of 2018, making two arguments. Argument one was that the case was barred by the statute of limitations. Argument two was that the case was barred by section 3405. So by the time we, you know, we win on the statute of limitations, the court does not reach the second argument. That comes up here. This court reverses on the statute of limitations, finding a travelish effect. So now we go back, and the court hears the second half of the summary judgment motion. When we reverse, now the 3405 issue becomes live again. When was that? 2021. Okay. So my friend had three years to do all the research on 3405 that he wanted to do. He had three years to pursue a claim against Chase if he thought there was one that deserved being pursued. I think if my friend really was persuaded... I'm not sure it would have been economical to pursue it after the district court told him he lost on the statute of limitations. So he had to wait until it became live again, didn't he? Well, you have to protect your claims when you can. Certainly, once it was raised, there were months between the time the motion was filed and the court ruled. And my friend didn't do anything during those months to pursue a claim against Chase. Now, personally, I think it's a one-year statute of limitations. It runs from notice. So that ship had sailed by the time CB&T filed its answer. Now, they'd already sued Chase once. They dropped them at that point. When CB&T filed its answer, it was too late to sue Chase, I think. Yeah, I think there are good arguments on the other side. Yeah. If I'm wrong, then the reason Chase is not here is not that they were tricked by me. It's that my friend didn't pursue them. And that's on him. That's not prejudice. Okay. Thank you. All right. Very good. Thank you for your argument. So we'll put two minutes on the clock for rebuttal. Thank you, Your Honors. There are a couple of things I really wish to be clear. One always hates to read tea leaves when they're standing in this position. But I sort of get where this court's leaning. And somehow, I need to have it come across that if I'm correct in where you're leaning, you're changing the code. You are fundamentally changing the risk allocations. And I think that that would be an error. What would help me, and we'll give you extra time, because I've used up some of your time. I'm still trying to figure out what your 3405 defense is. In other words, why doesn't 3405 exempt them from liability, whether or not you have a claim against Chase? Well, right. 3405 itself, once raised, right, states at that point, then you're getting to where I think the court's wrong in even applying it. It's not applicable. That states that Deakin was then responsible for giving somebody authority for the processing of the checks and failed to supervise them. And that aspect of the code, and I didn't get to address this before, really was fundamentally on, think of the bookkeeper who goes forward and then goes ahead and misappropriates things. And the code itself talks about an employee, which says includes an independent contractor. So you're not dealing with a 1099 versus a W-2 employee. Every example in the code, every case you find, is not allocating a responsible employee to an entity that is just providing invoices as did Deakin, or as did Champion. And if we were permitted to do the discovery that the court said we couldn't do because this defense wasn't coming into the case, that's why we didn't file against anybody under 3405B. We were told it's not in the case, specifically told that. So the gist of your argument, the critical point, is you don't think that as a matter of law, it was established that the subcontractor was an employee? Oh, clearly. Clearly not. The subcontractor that the court relied upon was an entity, Champion. And then the court goes on... I'm not sure that it makes a difference that it's an entity. Why weren't they an employee? Well, because they are an independent contractor company who was hired to put up steel beams in a major project and has explained the process by which Deakin goes through. They are the largest West Coast contractor, fifth largest in the country, 10,000 checks a year, 47 years doing the same process. Keep in mind, the sub's sub is owed money from the subcontractor, not from the general contractor, Deakin. And when Deakin gives money, it's progress payments. The progress payments go to the sub, who then has got to disperse it. So Deakin says, look, we're going to do a bunch of things. This has got to go through architect review, and then the money comes from the owner. And then our fail-safe is we have the right to have dual payees on the check, because we know a depository bank is going to check it. That would be what we would have the opportunity to raise in a 3405B defense, and we were never able to establish that record. Instead, the trial judge says, oh, Deakin could have been more selective in choosing its subcontractor. Where does that come from? There's nothing in the record which indicates how the champion was selected, what their experiences were, what their reputation was, how it was vetted. And the court just says, well, checks were taken, so therefore something must be wrong. That's improper. And what the court then does, it balances, I know I'm maybe over- No, no, I want to give you the time to make the point you started out to make. Right. And then the court says Deakin could have gone ahead and obtained insurance. So that's proof of something. It's proof of nothing in this case. The concept is who had the better risk or the better capability of avoiding risk. I get insurance for my house. That doesn't prevent it from burning. And then the court goes on to state that- Do you want to make the point you started out making? Otherwise, I'm going to cut you off. You're well over your time. Yeah, okay. You said there's one thing I need to make clear, and then you were- Yeah, so here is- You got questions. So what is it that you want to say? So that when we were- We sued initially just under the warranties, and the email which is- And then common law negligence. Right, said that the warrant- You had a common law negligence claim that you could have converted to a 3405 claim. Right. My view is I can't- That's what I'm trying to get you. Why? I can't do- 3405 is stating that not just that somebody was negligent, but that they were- It's in response to whether there's a responsible employee that is committed negligence and saying, it's not just that responsible employee. You two did something wrong. It doesn't stand alone. There's not one case. Lee Newman, where it does, starts out and says, because the first amended complaint alleges that Newman's bookkeeper and office assistant were responsible for billing, et cetera. That where I said like drawing the offensive out. They allege that. They put it in the case. Thus, 3405 came up. There's not one other case that holds a direct claim under 3405 being by the drawer against the depository bank. That changes the fundamental aspect of the code. And here's the last point. And I appreciate you indulging the time. When the trial judge rendered her opinion and then went to balance things out and said that the draw e-bank committed no wrong because what does a draw e-bank do? It relies upon the depository bank, as it should, through the presentment of warranties. But it doesn't allow the maker to do that. Why? The maker doesn't get that same right because the judge ruled that the 3405 defense upon which she's balancing, saying you could have chosen a better subcontractor versus the draw e-bank not doing anything wrong, wasn't permitted to be in the case. That's why we didn't allege this. There is an e-mail that I wrote back in May of 2018, page 488. Maybe some of those young people there will pick that up. I spell all of this out then. I say this is exactly where we are headed. This is the prejudice by you withdrawing that deposition at the very last minute and threatening that you're going to do 3405. We're hitting a reset button because then I get to join Chase. We've been consistent. We didn't, you know, miss any law whatsoever. What I'm having the difficulty convincing you is that our interpretation of the law is correct and where this court seems to be heading, the district court, is that balance of risk allocation. Okay. Thank you, counsel. And thank you all very much. Yes. We appreciate the helpful arguments today. The case is just submitted.
judges: WATFORD, HURWITZ, Vitaliano